IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EMILY WELCOME; CHARLOTTE GRAHOVAC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-00830-RK |
| v. | ) ) | |
| AMPLITY, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Amplity, Inc.'s motion for reconsideration of the Court's summary judgment order. (Doc. 111.) This motion is fully briefed. (Docs. 112, 113, 114.) After careful consideration and for the reasons explained below, the motion for reconsideration is **DENIED**.

**Background**

On January 3, 2025, this Court entered an order denying Plaintiffs' motion for summary judgment and granting in part and denying in part Amplity's motion for summary judgment. (Doc. 110.) In that order, the Court granted summary judgment in favor of Amplity on Counts II, IV, V, and VII, and dismissed those counts from the case. (*Id.* at 30.) The Court also granted summary judgment in favor of Amplity on Count VI—Plaintiff Welcome's Missouri Human Rights Act claim for religious discrimination—as to theories of disparate treatment, disparate impact, and retaliation. (*Id.*)

The Court denied summary judgment on Count III, Plaintiffs' Title VII failure-to-accommodate claims, and Count VI as to the theory of failure-to-accommodate. (*Id.*) The Court denied summary judgment on the failure-to-accommodate claims after finding a question of material fact remains on the issue of whether Amplity would have faced an undue hardship had it accommodated Plaintiffs. (*Id.* at 20, 23, 26-27.)

**Legal Standard**

Motions for reconsideration are not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe said motions as arising under Federal Rule of Civil

Procedure 54(b), 59(e), or 60(b); in this case, Amplity invokes Rule 54(b) as the authority for its motion to reconsider. Rule 54(b) states:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In the Eighth Circuit, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 722 (8th Cir. 2010) (referring to motions pursuant to Rule 60(b)).[1] Motions for reconsideration are "not a vehicle for simple re-argument on the merits." *Id.*

## Discussion

The Court denied summary judgment on Plaintiffs' failure-to-accommodate claims because an issue of material fact remains as to the extent Plaintiffs were expected to encounter other employees, healthcare professionals and staff, and patients in their positions with Amplity. (*See* Doc. 110 at 18-20.)[2] The Court specifically stated that it could not conclude undue hardship from the safety risk of allowing Plaintiffs to remain unvaccinated because "issues of fact regarding interactions with others in terms frequency, proximity, and length of time" remained. (*Id.* at 19.)

Amplity asserts—incorrectly—that this Court determined that "having Plaintiffs work unvaccinated as Biosimilar Account Specialists would create a safety risk *and an undue hardship* for Amplity." (Doc. 114 at 1 (emphasis added).)[3] Amplity also argues that the frequency, proximity, and length of time of Plaintiffs' interactions with others is irrelevant and that the Court

---

[1] Amplity argues a simple error standard, rather than a "manifest error" standard, applies to motions for reconsideration pursuant to Rule 54(b). *See Mathew v. Fieldworks, LLC*, No. 5:20-cv-06057-RK, 2021 WL 4555254, at *1 n.1 (W.D. Mo. Oct. 5, 2021) ("[S]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not." (citing *Halloran v. Houlihan's Rests., Inc.*, No. 4:11-cv-01028-DGK, 2013 WL 544011, at *1 (W.D. Mo. Feb. 12, 2023))). Finding no error in its summary judgment order, the Court's decision herein is the same whether the standard is manifest or simple error.

[2] Amplity contends that these facts are uncontroverted. (Doc. 112 at 4-6.) The Court is not persuaded by this argument, (*see* Doc. 110 at 18-20 (setting out controverted facts)), nor is it a new argument which would justify granting a motion for reconsideration. *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) (denying motion for reconsideration when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim").

[3] In its reply, Amplity again states that "this Court has already determined there was a safety threat (and therefore an undue hardship)." (Doc. 114 at 4.)

2

has improperly created and imposed its own medical criteria. This is not the case. In its summary judgment order, the Court found "Amplity produced expert testimony showing it is a safety risk for unvaccinated persons to encounter healthcare workers and patients." (Doc. 110 at 20.) However, the Court did not further conclude that such a safety risk constituted an undue hardship for Amplity, noting questions of material fact remain which preclude the Court from making such a determination as a matter of law. *A safety risk and undue hardship are not coterminous.* The ultimate question at summary judgment was not whether Plaintiffs remaining unvaccinated would be a safety risk. The question was whether that safety risk created an undue hardship on Amplity as a matter of law. It is at this point of the analysis that the issues of fact regarding interactions with others in terms frequency, proximity, and length of time matter.[4]

In the cases concluding that a safety risk imposed an undue hardship on a non-patientcare providing employer as a matter of law, the courts have found uncontroverted facts regarding frequency, proximity, and length of time of plaintiffs' interactions with others. *See Efimoff v. Port of Seattle*, No. 2:23-cv-01307-BAT, 2024 WL 4765161, at *11 (W.D. Wash. Nov. 13, 2024) ("Efimoff also does not challenge that performance of the essential functions of her position required her to work in close proximity with coworkers and Port visitors, mostly in an indoor environment."); *Antredu v. Mass. Dep't of Youth Servs.*, 729 F. Supp. 3d 76, 79 (D. Mass. 2024) ("Antredu was also responsible for meeting with youth in one-on-one and group settings. Antredu was at times required to conduct physical restraints of youth. Finally, as a shift supervisor, Antredu was responsible for conducting regular, in-person, one-on-one meetings with subordinate employees."); *Bordeaux v. Lions Gate Ent., Inc.*, 703 F. Supp. 3d 1117, 1134-35 (C.D. Cal. 2023) ("The nature of Plaintiff's work required close, unmasked contact with other performers on RTW and, potentially, members of the crew.").

Conversely, in cases denying summary judgment motions or other motions on the issue of undue hardship—even though a safety risk could be shown—there remained issues of fact regarding plaintiffs' interactions with others. *See Speer v. UCOR LLC*, No. 3:22-cv-426, 2024 WL 4370773, at *11 (E.D. Tenn. Oct. 1, 2024) ("Plaintiffs' jobs meant that they had to be in person and be in at least occasional contact with others. Exempting in-person employees from the vaccine

---

[4] The Court references "frequency, proximity, and length of time" as factors that may contribute to the question of whether a safety risk rises to the level of an undue hardship, not the question of whether a safety risk exists. In this way, it is not intended to be medical criterion, but rather an expression of factors courts have considered in their undue hardship analyses at the summary judgment stage.

requirement therefore increases the risk of Covid-19 spreading in the workplace to some extent. However, the parties fail to provide the Court with evidence as to *how often* Plaintiffs interacted with coworkers, *how many* coworkers they interacted with, and *how long* these interactions occurred." (emphases added)); *see also Taylor v. Milford Reg'l Med. Ctr., Inc.*, No. 4:23-CV-40009-MRG, 2024 WL 2111459, at *7 (D. Mass. May 10, 2024) (finding, in the context of a motion for judgment on the pleadings, the employer had not established undue hardship based on risk of COVID-19 transmission when it had "not conclusively established the nature of [the] Plaintiffs' former jobs, merely relying on the complaint to conclude they were 'face-to-face' jobs that worked with 'its most frail and vulnerable patients.'").

Like in *Speer*, the record on summary judgment here shows Plaintiffs' positions meant they would have to be "in person and be in at least occasional contact with others." *Speer*, 2024 WL 4370773, at *11. However, questions of fact remain as to the extent of any such contact, and thus, whether the safety risk rises to the level of an undue hardship on Amplity. Ultimately, a jury is required to wade through the contested facts. The jury would also be tasked with contextualizing the safety risk Plaintiffs posed with other relevant factors pertaining to Amplity's business to determine whether the safety risk rises to the level of an undue hardship on Amplity, as required by *Groff v. DeJoy*, 600 U.S. 447 (2023). The Court finds no error in its summary judgment order.

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Amplity's motion for reconsideration of the Court's summary judgment order, (Doc. 111), is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: January 27, 2025