## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

Emily Welcome et al

                       **Plaintiff**

v.

Amplity Inc.

                       **Defendant**

Case No. 4:22-cv-00830-RK

### PLAINTIFFS EMILY WELCOME'S AND CHARLOTTE GRAHOVAC'S PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO._____

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off.  (Pause for thirty seconds to allow them to comply, then tell them the following:)

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial? (Then continue with voir dire.)

Plaintiffs Instruction No. 1 [1]

---

[1] Model Civ. Jury Instr. 8th Cir. 1.01 (2023).

INSTRUCTION NO._____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

Plaintiffs Instruction No. 2 [2]

---

[2] Model Civ. Jury Instr. 8th Cir. 1.02 (2023).

INSTRUCTION NO._____

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those

I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiffs Emily Welcome and Charlotte Grahovac against defendant Amplity. Plaintiffs claim they each had sincere religious beliefs about consenting to the Covid 19 vaccine injections and that the defendant Amplity did not engage in a proper interactive process regarding their religious accommodation requests and that Amplity did not consider all possible accommodations to their respective religious beliefs. It would not have constituted an undue hardship to Amplity for the plaintiffs to retain their religious beliefs while remaining employed. Because of that Amplity improperly terminated respective employment because of their religious beliefs.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Plaintiffs Instruction No. 3 [3]

---

[3] Model Civ. Jury Instr. 8th Cir. 1.03 (2023).

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.
2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.
3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Plaintiffs Instruction No. 4 [4]

---

[4] Model Civ. Jury Instr. 8th Cir. 1.04 (2023).

INSTRUCTION NO._____

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Plaintiffs Instruction No. 5 [5]

---

[5] Model Civ. Jury Instr. 8th Cir. 1.05 (2023).

INSTRUCTION NO._____

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

Plaintiffs Instruction No. 6 [6]

---

[6] Model Civ. Jury Instr. 8th Cir. 1.06 (2023).

INSTRUCTION NO._____

Jurors, to make sure this trial is fair to [both/all] parties, you must follow these rules:

First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

Fourth, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

Fifth, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

Sixth, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place

discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

Seventh, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

Eighth, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Ninth, it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

Plaintiffs Instruction No. 7 [7]

---

[7] Model Civ. Jury Instr. 8th Cir. 1.08 (2023).

INSTRUCTION NO._____

The trial will proceed in the following manner:

First, the plaintiffs' lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendant may present evidence, and the plaintiffs' lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Plaintiffs Instruction No. 8 [8]

---

[8] Model Civ. Jury Instr. 8th Cir. 1.09 (2023).

INSTRUCTION NO._____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

As I instructed you earlier, it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Plaintiffs Instruction No. 9 [9]

---

[9] Model Civ. Jury Instr. 8th Cir. 2.01 (2023).

INSTRUCTION NO._____

The plaintiff and the defendant have stipulated - that is, they have agreed - that [certain facts are as counsel have just stated] [the following facts are true]. You must, therefore, treat those facts as having been proved.

Plaintiffs Instruction No. 10 [10]

---

[10] Model Civ. Jury Instr. 8th Cir. 2.03 (2023).

INSTRUCTION NO._____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions - the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Plaintiffs Instruction No. 11 [11]

---

[11]  Model Civ. Jury Instr. 8th Cir. 3.01 (2023).

INSTRUCTION NO._____

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial.

Plaintiffs Instruction No. 12 [12]

---

[12] Model Civ. Jury Instr. 8th Cir. 3.02 (2023).

INSTRUCTION NO._____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

[In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent mis-recollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.]

Plaintiffs Instruction No. 13 [13]

---

[13] Model Civ. Jury Instr. 8th Cir. 3.03 (2023).

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Plaintiffs Instruction No. 14 [14]

---

[14] Model Civ. Jury Instr. 8th Cir. 3.04 (2023).

You have heard testimony from expert [witness's name] who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

Plaintiffs Instruction No. 15 [15]

---

[15] Model Civ. Jury Instr. 8th Cir. 3.05 (2023).

INSTRUCTION NO.\_\_\_\_\_

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true. Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges - judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.

Plaintiffs Instruction No. 16 [16]

---

[16] Model Civ. Jury Instr. 8th Cir. 3.07 (2023).

If you find in favor of a plaintiff under Instruction____, then you must answer the following question in the verdict form: Has it been proved that the defendant would have terminated that plaintiff's employment regardless of the plaintiff's refusal to consent based on religion to the Covid 19 vaccinations?

Plaintiffs Instruction No. 17 [17]

---

[17] Model Civ. Jury Instr. 8th Cir. 5.01 (2023) (modified) (referring to "a" plaintiff).

INSTRUCTION NO._____

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable.

Plaintiffs Instruction No. 18 [18]

---

[18] Model Civ. Jury Instr. 8th Cir. 5.02 (2023) (modified) ("a" plaintiff).

Each plaintiff brings a Federal Title VII religious discrimination claim. Title VII of the federal Civil Rights Act of 1964 ("Title VII") prohibits an employer from discriminating against an employee because of his or her religion. One type of religious discrimination is an employer's failure to reasonably accommodate an employee's sincerely held religious beliefs. When an employment requirement conflicts with an employee's sincerely held religious belief, and the employer knows of the employee's belief, the law requires that the employer accommodate the employee's religious belief, unless the employer demonstrates that it is unable to reasonably accommodate the employee's religious belief without undue hardship to the employer's business.

Another type of religious discrimination is an employer's retaliation after the employee makes an accommodation request. This happens when the employee participates in the accommodation-request, one or more adverse actions by the employer followed as a result of an accommodation request.

Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. Rather, it gives them favored treatment, affirmatively obligating employers not to fail or refuse to hire or discharge any individual because of such individual's religious observance and practice. Title VII requires otherwise-neutral policies to give way to the need for an accommodation.

Like federal law, Missouri law also prohibits an employer from discriminating against an employee because of the employee's religion. The duty of employers to make reasonable accommodations to the sincerely held religious beliefs of employees has been incorporated into Missouri law. A religious accommodation claim is analyzed in the same manner under both federal and state law.

Plaintiffs Instruction No. 19 [19]

---

[19] An "employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Groff v. DeJoy,* 600 U.S. 447, 470 (2023). "Other discriminatory treatment" is described as an "adverse employment" event. *Muldrow v. St. Louis,* 601 U.S. 346, 144 S. Ct. 967, 974 (2024) (adverse employment action is a "disadvantageous change to the compensation, terms, conditions, or privileges of employment" and plaintiff is only required to show "some harm respecting an identifiable term or condition of employment"). The burden shifts to the employer as an affirmative defense to show that it could not accommodate the employee's religious belief without incurring undue hardship. Id: 42 U.S.C. § 2000e(j); *Adeyeye v. Heartland Sweeteners, LLC,* 721 F.3d 444, 449 (7th Cir. 2013) (third factor: "the religious observance or practice was the basis for the employee's discharge or other discriminatory treatment").

For purposes of this lawsuit, the term "religion" is broadly defined to include all aspects of religious observance and practice, as well as belief.[20]

The law's protections apply whether the religious beliefs or practices in question are common or non-traditional, and regardless of whether they are recognized by any organized religion.[21]

Overlap between a religious and political view does not place it outside the scope of the law's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching.[22]

Only sincerely held religious beliefs warrant protection under the law. To determine whether an activity qualifies as the kind of religious belief that merits accommodation, you should look to whether the beliefs professed by the employee are sincerely held and whether they are, in the employee's own scheme of things, religious.[23]

It should not be assumed that an employee's beliefs are insincere simply because some of his or her practices deviate from the commonly followed tenets of his or her religion, or because the employee adheres to some common practices but not others.

Plaintiffs Instruction No. 20 [24]

---

[20] 42 U.S.C. § 2000e(j); *Janes v. Bardstown City Sch. Bd. of Educ.*, 1996 WL 536794 at *4 (6th Cir. Sept. 20, 1996) (religion is very broadly defined under Title VII).

[21] EEOC Compliance Manual on Religious Discrimination § 12–I(A)(1) (Jan. 15, 2021).

[22] *Id.*

[23] *EEOC v. Publix Super Markets, Inc.,* 481 F. Supp. 3d 684, 699 (M.D. Tenn. 2020).

[24] EEOC Compl. Man. § 12–I(A)(2); 29 C.F.R. § 1605.1 (fact that religious group to which individual professes to belong may not accept such belief is not determinative).

INSTRUCTION NO._____

In this case, each plaintiff claims that the defendant discriminated against her by failing to reasonably accommodate her sincerely held religious beliefs. To establish her claim, the plaintiff must first prove by a preponderance of the evidence three elements (this is referred to as the plaintiff's prima facie case): (1) she holds a sincere religious belief that conflicts with an employment requirement; (2) she informed the defendant about the conflicts; and (3) she suffered an adverse employment consequence for failing to comply with the conflicting employment requirement.

An adverse employment event is defined as some harm respecting her employment terms or conditions. The harm does not need to be significant or substantial.

The denial of a requested religious accommodation, absent a showing of undue hardship, may itself constitute an adverse action.[25]

In this case, all of the three elements of proof have been met by each plaintiff.

Plaintiffs Instruction No. 21  [26]

---

[25] *Cole v. Grp. Health Plan, Inc.,* 105 F.4th 1110, 1114 (8th Cir. 2024).

[26] *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 900 (8th Cir. 2024); *Groff v. DeJoy*; *Muldrow v. St. Louis,* 601 U.S. 346, 144 S. Ct. 967, 974 (2024); **Adverse Events**: *Staton v. DeJoy* 1:23-cv-03223 2025 WL 42821 (D. Colo. 1/7/2025).

An employer must reasonably accommodate an employee's religious beliefs unless the employer is unable to do so without constituting an undue hardship to the overall conduct of the employer's business.[27]

Even if one accommodation poses an undue hardship to the employer, the employer must nevertheless consider all other possible accommodations.[28]

Only after thorough consideration of all other options that pose an undue hardship may the employer deny an employee's request for accommodation.[29]

For purposes of this case, the phrase "undue hardship" can encompass factors such as the loss of office efficiency[30] or the safety risk an accommodation can pose to others;[31] the effect on the plaintiff's co-workers and resultant ramifications it has for the conduct of the employer's business; damage to the employer's ability to achieve its mission.[32]

In all of those scenarios the employer must still prove substantial increased costs in relation to the conduct of the defendant's particular business.[33] The substantial increased costs claimed by the employer must be excessive or unjustifiable.[34]

You should consider all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of the defendant. [35]

Plaintiffs Instruction No. 22

---

[27] 42 U.S.C. § 2000e(j).

[28] *Groff v. DeJoy,* 600 U.S. 447, 143 S. Ct. 2279, 2297 (2023).

[29] *Groff* at 2297 (citing *Adeyeye*); *Adeyeye v. Heartland Sweeteners, LLC,* 721 F.3d 444, 455 (7th Cir. 2013) (employer "bears the burden of proof, so it must show, as a matter of law, that any and all accommodations would have imposed an undue hardship"); *Hebrew v. Texas Dep't of Criminal Justice,* 80 F.4th 717 (5th Cir. 2023) (same).

[30] *Speer v. Ucor LLC,* No. 3:22-cv-426, 2023 U.S. Dist. LEXIS 198889, at *20 (E.D. Tenn. Nov. 6, 2023).

[31] *Id.* at *20.

[32] *Ryan v. Dep't of Just.,* 950 F.2d 458, 461–62 (7th Cir. 1991); *Baz v. Walters,* 782 F.2d 701, 706–07 (7th Cir. 1986); *Devore v. Univ. of Ky. Bd. of Trs.,* No. 5:22-cv-00186-GFVT-EBA, 2023 U.S. Dist. LEXIS 167239, at *11–12 (E.D. Ky. Sept. 18, 2023).

[33] *Groff v. DeJoy at* 470.

[34] *Id.* at 468-469.

[35] *Id.* at 470-71.

The law requires affirmative action by the employer to help resolve, if possible, the conflict between an employee's religious beliefs and the employer's rule or policy.

An employer cannot merely assess the reasonableness of a particular possible accommodation suggested by the employee; instead, an employer must consider other options to resolve the employee's religious conflict.[36]

Bilateral cooperation involves an interactive process that requires participation by both the employer and the employee, including an open honest dialogue between the parties.[37]

Bilateral cooperation between the employer and employee is necessary in order to find an acceptable religious accommodation.

Plaintiffs Instruction No. 23 [38]

---

[36] *Groff v. DeJoy*, 600 U.S. 447, 473 (2023).

[37] *Thomas v. Nat'l Ass'n of Letter Carriers,* 225 F.3d 1149, 1155 (10th Cir. 2000); *Porter v. City of Chicago,* 700 F.3d 944, 953 (7th Cir. 2012) ("employers must engage in a dialogue with an employee seeking an accommodation.") (citing *Rodriguez v. City of Chi.,* 156 F.3d 771, 778 (7th Cir.1998) and *Philbrook*, 479 U.S. at 69)). *See also Mohamed v. 1st Class Staffing, LLC,* 286 F. Supp. 3d 884, 909 (S.D. Ohio 2017) (examples of not engaging in bilateral cooperation include failing to consult an employee about alternative religious accommodations or offering an accommodation in a take-it-or-leave it fashion); *McNeill v. Tyson Fresh Meats, Inc.,* 2023 WL 8532408 (N.D. Texas, December 8, 2023) (noting that when decision to forfeit job and be placed on unpaid leave was made prior to dialogue it constituted a "predetermined illegal punishment for requesting a religious exemption").

[38] *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986).

INSTRUCTION NO._____

If, under the Court's instructions, you find that the defendant engaged in the discriminatory action alleged by a plaintiff, and you find that a plaintiff's damages were legally caused by the defendant's discriminatory actions, then you shall award that plaintiff the actual damages she has sustained.

For wrongful loss of employment, plaintiff shall be awarded back pay damages and the present value of any lost employment benefits. Back pay is the sum of wages the plaintiff would have earned from the date of termination of employment through today's date.

The plaintiff has a duty to mitigate her back pay damages. Any back pay and employment benefits you award the plaintiff shall be reduced by any employment earnings and benefits the plaintiff earned or could have earned through reasonable diligence.

The defendant has the burden of establishing that the plaintiff failed to use reasonable diligence in mitigating damages.

The defendant must prove both the availability of suitable and comparable substitute employment and the lack of reasonable diligence on the part of the plaintiff.

Plaintiffs Instruction No. 24

INSTRUCTION NO._____

In addition to back pay damages, you shall award a sum of money to compensate the plaintiff for any non-wage damages a plaintiff suffered as a legal result of each defendant's unlawful actions. This is sometimes referred to as compensatory damages. Compensatory damages may be awarded for embarrassment, humiliation, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

The words "embarrassment" and "humiliation" are used in their everyday meaning. Not every embarrassment and humiliation, however, is compensable. Embarrassment and humiliation are compensable only when a reasonable person with ordinary sensibilities under the same or similar circumstances would be embarrassed and humiliated. There is no mathematical formula for computing reasonable compensation for compensatory damages, nor is the opinion of any witness required as to the amount of such compensation. In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

Plaintiffs Instruction No. 25 [39]

---

[39] 3C Fed. Jury Prac. & Instr. §§ 172:70, 172:71 (6th ed.).

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction(s) _____ and if you answer "no" in response to Instruction _____, then you must decide whether the defendant acted with malice or reckless indifference to a plaintiff's right not to be discriminated against on the basis of her religion. The defendant acted with malice or reckless indifference if: it has been proved that Amplity knew that the termination of a plaintiff was in violation of the law prohibiting discrimination on the basis of religion, or acted with reckless disregard of that law.

If you find that the defendant acted with malice or reckless indifference to a plaintiff's rights, then, in addition to any other damages to which you find a plaintiff entitled, you may, but are not required to, award a plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future.[40]

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible a defendant's conduct was. In this regard, you may consider whether the harm suffered by a plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused a plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish defendant for its wrongful conduct toward a plaintiff and to deter defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to all harm caused to a plaintiff.

Plaintiffs Instruction No. 26 [41]

---

[40] Plaintiff is not made whole as the Court can award front pay as equitable relief.
[41] 8th Cir. Civil Jury Instruction 5.72 (2023).

INSTRUCTION NO.\_\_\_\_\_
PROPOSED VERDICT

We, the jury, unanimously answer the following questions.

1. Has the plaintiff Emily Welcome proven by a preponderance of the evidence that her refusal to consent to Covid 19 vaccinations was based upon her sincerely held belief?

_____ YES                    _____ NO

*If you answered "YES", please proceed to the next question. If you answered "NO", then proceed to question 5.*

2. Has the defendant Amplity proven by a preponderance of the evidence that it could not offer any reasonable accommodation to the plaintiff Emily Welcome's religious beliefs without constituting an undue hardship to Amplity?

_____ YES                    _____ NO

*If you answered "YES", then your deliberations are at an end as to the plaintiff Emily Welcome. If you answered "NO", please proceed to the next question.*

3. Under the law as given to us in the Court's instructions, we award the following damages to the plaintiff Emily Welcome:

Back pay damages:          $_____
Compensatory damages:      $_____

4. If you awarded damages of any type in response to Question 3, do you find that the plaintiff Emily Welcome has proven by a preponderance of the evidence that she is entitled to punitive damages?

_____ YES                    _____ NO

5. Has the plaintiff Charlotte Grahovac proven by a preponderance of the evidence that her refusal to consent to Covid 19 vaccinations was based upon her sincerely held belief?

_____ YES                    _____ NO

*If you answered "YES", please proceed to the next question. If you answered "NO", then your deliberations are at an end .*

6.  Has the defendant Amplity proven by a preponderance of the evidence that it could not offer any reasonable accommodation to the plaintiff Emily Welcome's religious beliefs without constituting an undue hardship to Amplity?

_____ YES                              _____ NO

*If you answered "YES", then your deliberations are at an end. If you answered "NO", please proceed to the next question.*

7.  Under the law as given to us in the Court's instructions, we award the following damages to the plaintiff Charlotte Grahovac:

   Back pay damages:          $_____
   Compensatory damages:      $_____

8.   If you awarded damages of any type in response to Question 7, do you find that the plaintiff Charlotte Grahovac has proven by a preponderance of the evidence that she is entitled to punitive damages?

_____ YES                              _____ NO

**The foreperson should sign and date this verdict form and instruct the bailiff that you have reached a verdict.**

DATE: _____          _____
                                        Foreperson

Plaintiffs Instruction No. 27